# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**WP4**

LISA GREENE,

Plaintiff(s),

vs.

PATRON SYSTEMS, INC., ROBERT YAW, as an officer director and ROBERT YAW, individually, PETER BISTRIAN, ALAN F. MARKOVITZ, JANE DOE and JOHN DOE, 1-10 whose real names and identities are unknown to the Plaintiff at this time,

Defendant(s).

) Case No.:
)
) **07 CIV. 6690**
)
)
)
)
) **PLAINTIFF'S COMPLAINT IN FRAUD, CONSTRUCTIVE FRAUD, COMMON LAW FRAUD, MISREPRESENTATION, DECEIT VIOLATIONS OF THE SECURITIES AND EXCHANGE ACT OF 1934, §10 –b, 17 C.F.R. §240-10b-5,  5  U.S.C.  §§ 78U(D)(3), 78AA**
)
)
)
)
)
)
)

## *PRELIMINARY STATEMENT*

*1.*      This action is brought by Plaintiff **LISA GREENE** (hereinafter from time-to-time **"GREENE"**) against the Defendant **PETER BISTRIAN**, (hereinafter from time-to-time **"BISTRIAN"**), **ALAN F.  MARKOVITZ**, (hereinafter from time-to-time **"MARKOVITZ"**) **ROBERT YAW,** (hereinafter from time-to-time **"YAW"**) **PATRON SYSTEMS, INC.,** (hereinafter from time-to-time **"PATRON"**) **JANE DOE AND JOHN DOE,** 1-10 (hereinafter from time-to-time **"DOE"**) for recovery of money obtained in violation of the Securities and Exchange Act of 1934, Section 10(b) of the Exchange Act, 17 C.F.R. §240-10b-5, 15 U.S.C. §§ 78j(d)(3) and 78aa, wherein the defendants, directly or indirectly, have made use of the means and instrumentalities of

interstate commerce or of the mails and of the wire communications or facilities in conjunction with the acts, transactions, practices and courses of fraudulent business alleged in this Complaint.

### *JURISDICTION AND VENUE*

2.    This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (actions arising under laws of the United States), including the Securities and Exchange Act of 1934, Section 10(b) of the Exchange Act, 17 C.F.R. §240-10b-5, 15 U.S.C. §§ 78j(d)(3) and 78aa, and because the defendants violated 18 U.S.C. §1341 and §1343 (actions involving mail and wire fraud concerning securities and involving the use of interstate banking facilities.)

3.    Venue is proper pursuant to 28 U.S.C. §1391(b) and principles of supplemental jurisdiction, 28 U.S.C. §1367 because many of the acts and conduct charged herein occurred in this district.

4.    This Court has pendant jurisdiction over those claims as asserted herein that arise under the laws of the State of New York.

### *PARTIES*

5.    Plaintiff, *LISA GREENE*, is and at all times herein mentioned, was a resident of the City of New York, County of New York, State of New York.

6.     Defendant, *PATRON SYTEMS INC.,* was and at all times herein relevant and material, a publicly traded company listed on the NASDQ with office locate at 5775 Flatiron Parkway, Suite 230 Boulder, Colorado.

7.     Defendant, *ROBERT YAW,* was at all relevant times hereto an officer director or control person who was at all times relevant hereto acting on behalf of *PATRON* or otherwise acting individually.

8.     Defendant, *PETER BISTRIAN,* was and at all times herein relevant and material, the agent, servant, employee and/or consultant conducting business on behalf of *PATRON* soliciting investors at the direction of *YAW* in the City of New York, County of New York, State of New York.

9.     Defendant, *ALAN F. MARKOVITZ,* was and at all times herein relevant and material, an attorney licensed to practice Law in the State of Pennsylvania.

10.     Plaintiff, *LISA GREENE,* lacks knowledge of the true names and capacities of defendants sued herein as *DOES* 1 through 10 inclusive and therefore sues these defendants by such fictitious names.

11.     Plaintiff, *LISA GREENE,* will amend this complaint to allege their true names and capacities when ascertained.

12.     Plaintiff *LISA GREENE,* is informed and believes, and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee or otherwise a consultant of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

### *The Plan-Scheme*

**13.**     That at all material times set forth herein, in or about July 2004, defendants

**BISTRIAN,** and **YAW** on behalf of **PATRON** and/or themselves individually, devised

an illegal plan-scheme directed at plaintiff **GREENE,** and accomplished by soliciting

her, for the purpose of purchasing **PATRON** Securities and by falsely promising her,

and by otherwise acting fraudulently so as to cause plaintiff **GREENE** to believe that

she was investing FIFTY THOUSAND ($50,000.00) DOLLARS in exchange for the

purchase of freely trading securities-unrestricted treasury stock which was to be issued

to her and DTC deposited to her stock account in New York by defendant **PATRON**

within 3-5 days of her placing said funds in the hands of the identified escrow attorney

for defendant **PATRON**, defendant **MARKOVITZ.**

### *Facts*

**14.**     That as part of the plan-scheme, and in furtherance of the same, on or

about July 30, 2004, during a telephone conversation directed at plaintiff **GREENE** in

New York and made by defendant **BISTRIAN, BISTRIAN** in the course of soliciting

Plaintiff **GREENE** for the purchase of PATRON Securities, falsely and fraudulently

represented to plaintiff **GREENE** that he could offer her shares of freely trading

unrestricted treasury stock to be issued by **PATRON.**

**15.**     That as part of the plan-scheme, and in furtherance of the same, on or

about July 30, 2004, defendant **BISTRIAN**, during said telephone conversation

represented to plaintiff **GREENE** that he would introduce her to the Chairmen and

Director of *PATRON,* Defendant *YAW* who would issue the *PATRON* stock for her as Chairmen and Director of *PATRON.*

16.    That as part of the plan-scheme, and in furtherance of the same, on or about July 30, 2004, defendant *YAW* during a telephone conversation with Plaintiff *GREENE* who was in New York for the purpose of soliciting Plaintiff to purchase *PATRON* Securities represented to her that as Chairmen and Director of *PATRON,* that he would issue her shares of registered and freely tradable securities in the form of *PATRON's* treasury stock and promised to deposit-DTC those shares into her stock account in New York within 3-5 days of her wire transfer of funds into the Trust Account of attorney, defendant *MARKOVITZ* who *YAW* identified and represented was *PATRON's* attorney.

17.    That as part of the plan-scheme, and in furtherance of the same, on or about July 30, 2004, defendant *YAW* during said telephone conversation with plaintiff *GREENE* provided plaintiff *GREENE* with the routing and Trust Account numbers for the defendant *MARKOVITZ* as the identified and represented attorney for *PATRON.*

18.    That at all material times set forth herein, on or about July 30, 2004, in reliance of the representations-promises of *BISTRIAN,* and *YAW,* plaintiff *GREENE* electronically wire transferred FIFTY THOUSAND ($50,000.00) DOLLARS into the Trust Account of *PATRON's* identified escrow attorney, defendant MARKOVITZ for the purchase of *PATRON,* registered and freely tradable securities in the form of *PATRON's* treasury stock.

19.    That at all material times set forth herein, on or about August 5, 2004, plaintiff **GREENE** made inquiry of defendants **BISTRIAN,** and **YAW** as to when **PATRON** would issue and deposit the 100,000 shares of registered and freely tradable securities in the form of **PATRON's** Treasury Stock into her stock account in New York.

20.    That on or about August 26, 2004, **YAW** directed plaintiff **GREENE** to the attention of **PARTON's** SEC counsel, Stubbs Alderton & Markilies, LLP wherein plaintiff **GREENE**   received a stock purchase agreement for restricted and legend **PATRON** Securities whereupon plaintiff **GREENE** immediately sought an explanation from **BISTRIAN** and **YAW.**

21.    That on or about August 31, 2004, plaintiff **GREENE** discovered that **BISTRIAN** and **YAW** had deceived her.

22.    That at all material times set forth herein, despite the representations-promises  of **BISTRIAN** and **YAW, PATRON** was not authorized to issue, nor did it own unrestricted and/or freely trading Treasury Stock.

23.    That notwithstanding the representation-promises of **YAW**, Plaintiff **GREENE** defendant **MARKOVITZ** was not the attorney for **PATRON,** and had without her knowledge or consent unlawfully-negligently dispersed plaintiff's electronic wire transfer of FIFTY THOUSAND ($50,000.00) DOLLARS from his attorney Trust Account directly to **BISTRIAN** for the benefit of **BISTRIAN** and **YAW.**

### COUNT I

### *Defendants PATRON, BISTRIAN and YAW*

### Fraud, Constructive Fraud, Common-Law Fraud, Misrepresentation, Deceit

24.    Plaintiff *LISA GREENE* repeats and realleges paragraphs *1.* through *23.* as if fully stated herein.

25.    Defendants *BISTRIAN* and *YAW*, on behalf of *PATRON,* and/or individually and concerning the solicitation, representations-promises made by defendants *BISTRIAN* and *YAW* were in fact false and otherwise illegal.  The true facts were not as represented to her in that defendants *BISTRIAN* and *YAW* knew and were actually aware at the time each made the representations-promises that *PATRON* was not authorized to issue freely trading securities, inasmuch as Plaintiff was not, nor could she be, a sophisticated/qualified purchaser because *PATRON* was deficient-delinquent in its filings with the Securities and Exchange Commission and was otherwise without sufficient registered and/or unrestricted treasury stock on hand to issue Plaintiff *GREENE* 100,000.00 shares of its own registered and/or unrestricted securities and .

26.    At the time of the solicitation and when the defendants *BISTRIAN* and *YAW* made these representations they knew them to be false, and that these representations were made by them with the intent to defraud and deceive plaintiff *GREENE*, and with the intent to induce her to act in the manner herein alleged wherein plaintiff *GREENE* did electronically wire from the State of New York the sum of FIFTY THOUSAND ($50,000.00) DOLLARS for the purchase of freely trading

securities unrestricted treasury-stock of *PATRON* to the Trust Account of defendant *MARKOVITZ* in the State of Pennsylvania, wherein unbeknownst to plaintiff *GREENE*, at the time defendants *BISTRIAN* and *YAW* made the representations-promises to plaintiff, defendants *BISTRIAN* and *YAW* had no intention of performing including the delivery of said securities.

27.    Plaintiff, at the time these representations-promises were made by defendants *BISTRIAN* and *YAW* and at the time plaintiff *GREENE* took the actions of electronically wiring said funds to the Trust Account of defendant, *MARKOVITZ,* was without knowledge of the falsity of defendants *BISTRIAN's* and *YAW's* representations-promises and believed them to be true.

28.    Plaintiff, at the time these representation-promises were made and at the time plaintiff took the actions of electronically wiring said funds to the Trust Account of defendant, *MARKOVITZ*, was without knowledge of defendants *BISTRIAN's* and defendant *YAW's* secret intentions not to perform and plaintiff could not, in the exercise of reasonable diligence, have discovered defendant's secret intentions.

29.    In reliance on these representations, plaintiff *GREENE* was induced to, and did electronically wire from the State of New York the sum of FIFTY THOUSAND ($50,000.00) DOLLARS for the purchase of freely trading securities unrestricted treasury stock of *PATRON* to the Trust Account of defendant *MARKOVITZ* in the State of Pennsylvania.

30.    Had plaintiff known the actual facts, or if plaintiff had known of the actual intention of defendants, *BISTRIAN* and *YAW* plaintiff would not have electronically wired said funds into the Trust Account of defendant, *MARKOVITZ*.

31.    And, under the circumstances, plaintiff's reliance on defendants *BISTRIAN's* and *YAW's* representations-promises was justified because said funds were deposited to what plaintiff believed was *PATRON's* attorneys Trust Account.

32.    That as a proximate result of defendants *BISTRIAN's* and *YAW's* fraud, misrepresentations and deceit on the facts herein alleged, plaintiff was defrauded by reason of which plaintiff has been damaged in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, plus interest and legal fees.

33.    In doing the acts herein alleged, defendants *BISTRIAN*, *YAW* and *PATRON* acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in the sum to be determined by a jury of competent jurisdiction, but in any event, in no less an amount than ONE HUNDRED FIFTY-THOUSAND ($150,000.00) DOLLARS.

### *COUNT II*

*Violations of Section the Exchange Act Defendants PATRON, BISTRIA, and YAW*

34.    Plaintiff *LISA GREENE* repeats and realleges paragraphs *1.* through *33.* as if fully stated herein.

35.    Defendants *BISTRIAN* and *YAW*, on behalf of *PATRON,* and/or individually have, by engaging in the conduct set forth above, directly or indirectly

illegally soliciting funds for the purchase of **PATRON** Securities by use of means or instrumentalities of interstate commerce, the mails or wires services, with scienter whereby they: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon persons, in connection with the purchase or sale of said securities.

36.    By reason of the foregoing, defendants, **BISTRIAN** and **YAW** directly or indirectly, violated Securities and Exchange Act of 1934, Section 10(b) of the Exchange Act, 17 C.F.R. §240-10b-5, 15 U.S.C. §§ 78j(d)(3) and 78aa, and because the defendants violated 18 U.S.C. §1341 and §1343 (actions involving mail and wire fraud concerning securities and involving interstate banking.)

### *COUNT III*

#### *Negligence-Malpractice Defendant MARKOVITZ*

37.    Plaintiff **LISA GREENE** repeats and realleges paragraphs *1.* through *36.* as if fully stated herein.

38.    That at all times material hereto defendant **BRISTRIAN** was under Federal indictment in the State of Pennsylvania for among other crimes, the crime of wire fraud.

39.    That at all times material hereto defendant, **BISTRIAN** was a client of defendant **MARKOVITZ** and **MARKOVITZ** knew and was aware of said indictment.

40. That Pa.R.P.C. §1.15 requires that funds received by a lawyer in a representative capacity from or on behalf of a third-party-owner be safeguarded in their trust account.

41. That at all time material hereto, defendant *MARKOVITZ* maintained an attorney's trust account for the benefit of his clients and third-parties, including Plaintiff *GREENE.*

42. That at all times material hereto, defendant *MARKOVITZ* owed a duty to the plaintiff *GREENE* to safeguard said funds and perform relative to the standard of care expected of the "average" attorney in the same or a similar situation.

43. In reliance on the representations, of *BISTRIAN* and *YAW*, plaintiff *GREENE* was induced to, and did electronically wire from the State of New York the sum of FIFTY THOUSAND ($50,000.00) DOLLARS for the purchase of freely trading securities, unrestricted treasury stock of *PATRON* to the Trust Account of defendant *MARKOVITZ* in the State of Pennsylvania for safekeeping.

44. That at all times material hereto, on or about August 31, 2004, plaintiff *GREENE* discovered that defendant *MARKOVITZ* failed to safeguard said funds and without her permission, knowledge or consent had negligently dispersed plaintiff's electronic wire transfer of FIFTY THOUSAND ($50,000.00) DOLLARS from his attorney Trust Account directly to defendant *BISTRIAN*.

45. That at all times material hereto, defendant *MARKOVITZ* failed to safeguard plaintiff *GREENE's* deposit to his trust account because he failed to make

inquiry or otherwise determine the purpose of said deposit and/or the true ownership of said deposit-funds.

46.    That at all times material hereto, because he failed to confirm the ownership of said funds, defendant *MARKOVITZ* allowed his trust account to be improperly-illegally used by *BISTRIAN* and/or *YAW*, for the purpose of stock fraud, money-laundering and/or wire fraud when he knew or should have known, based on *BISTRIAN's* criminal conduct of the past and involving wire fraud, that *BRISTRIAN* was improperly using his trust account for an illegal and fraudulent purpose, the facilitation of a fraudulent wire transfer of money across state lines and over the wire services of the United States.

47.    That defendant *MARKOVITZ* failed to perform at the level of an average attorney, and was negligence and is otherwise liable to Plaintiff for legal malpractice in failing to make such inquiry or in negligently making said inquiry.

48.    By reason of the negligence and/or malpractice in the failure of defendant *MARKOVITZ* to safeguard said funds, plaintiff *GREENE* has been damaged and suffered a financial loss as a direct and proximate result of said acts of said negligence and/or malpractice.

## *COUNT IV*

### *Common-Law Fraud Defendant MARKOVITZ*

49.    Plaintiff *LISA GREENE* repeats and realleges paragraphs *1.* through *48.* as if fully stated herein.

**50.**    That at all times material hereto, defendant **BRISTRIAN** was under Federal indictment in the State of Pennsylvania for among other crimes, the crime of wire fraud.

**51.**    That at all times material hereto defendant, **BISTRIAN** was a client of defendant **MARKOVITZ** and **MARKOVITZ** knew and was aware of said indictment.

**52.**    That at all times material hereto, Plaintiff is informed and believes that **MARKOVITZ** knew of **BISTRIAN's** and **YAW's** illegal conduct and  failed to warn Plaintiff or otherwise facilitated  the illegal transfer and collection of her funds for or on behalf of **BISTRIA, YAW**, and himself, wherein defendant **MARKOVITZ** allowed his trust account to be improperly-illegally-or otherwise fraudulently used by **BISTRIAN** and/or **YAW**, for the purpose of stock fraud, money-laundering and/or wire fraud and for payment of legal fees to him when he actually knew that his client trust was being improperly used for an illegal and fraudulent purpose, the facilitation of a fraudulent wire transfer of money across state lines and over the wire services of the United States.

**53.**    By reason of the foregoing, plaintiff **GREENE** has been damaged and suffered a financial loss as a direct and proximate result of said acts of said negligence and/or malpractice.

### *COUNT V*

### *Common-Law Negligence- Defendants PATRON, YAW and BISTRIAN*

**54**.    Plaintiff **LISA GREENE** repeats and realleges paragraphs *1.* through *53.* as if fully stated herein.

55.    That at all times material hereto, defendants **PATRON via YAW** and **BRISTRIA** and **YAW And BISTRIAN individually,** offered to sell and have Plaintiff to purchase 100,000 shares of PATRONS common stock at .50 cents per-share from it market position of approximately One (1.00) Dollars per share.

56.    That at all times material hereto, Plaintiff paid Defendants the $50,000.00 for the purchase of said securities.

57.    That at all time material hereto, PATRON's securities increased in value to from its market position of One ($1.00) Dollars per share to approximately Ten ($10.00) Dollars per share.

58.    That at all times material hereto, Defendants failed to issue said securities as promised.

59.    That at all time material hereto, PATRON was grossly negligent, negligent, careless, or otherwise reckless in failing to issue said securities to Plaintiff.

60.    By reason of the foregoing, grossly negligent, negligent, careless, or otherwise reckless conduct in failing to issue said securities to Plaintiff, Plaintiff **GREENE** has been damaged and suffered a financial loss as a direct and proximate result of said acts of said negligence and is entitled to damages of Ten Million ($10,000,000.00) Dollars

### COUNT V

**Common-Law Breach of Contract- Defendants PATRON, YAW and BISTRIAN**

53.    Plaintiff *LISA GREENE* repeats and realleges paragraphs *1.* through *52.* as if fully stated herein.

*50*    That at all times material hereto, defendants *PATRON via YAW* and *BRISTRIA* and *YAW And BISTRIAN individually,* offered to sell and have Plaintiff to purchase 100,000 shares of PATRONS common stock at .50 cents per-share from it market position of approximately One (1.00) Dollars per share.

*51.*    That at all times material hereto, Plaintiff paid Defendants the $50,000.00 for the purchase of said securities.

*52.*    That at all time material hereto, PATRON's securities increased in value to from its market position of One ($1.00) Dollars per share to approximately Ten ($10.00) Dollars per share.

*52.*    That at all times material hereto, Defendants failed to issue said securities as promised.

*53.*    That at all time material hereto, PATRON breached its agreement to in failing to issue said securities to Plaintiff.

*54.*    By reason of the foregoing, conduct in breach of their agreement in failing to issue said securities to Plaintiff, Plaintiff *GREENE* has been damaged and suffered a financial loss as a direct and proximate result of said acts of said negligence and is entitled to damages of Ten Million ($10,000,000.00) Dollars

## ***PRAYER FOR RELIEF***

***WHEREFORE***, the Plaintiff respectfully requests that the Court:

1.     For ***Count I*** damages in fraud in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, together with cost disbursements and attorney fees, and for punitive damages in the sum of not less than ONE HUNDRED-FIFTY THOUSAND ($150,000.00) DOLLARS;

2.     For ***Count II*** damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, together with cost disbursements and attorney fees;

3.     For ***Count III*** damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, together with cost disbursements and attorney fees;

4.     For ***Count IV*** damages in the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, together with cost disbursements and attorney fees;

5.     For ***Count V*** damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS, together with cost disbursements and attorney fees;

6.     For ***Count IV*** damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS, together with cost disbursements and attorney fees;

7.     For such other and further relief as the court may deem proper.

\*   \*   \*   \*

## *DEAMND FOR JURY TRIAL*

Plaintiff hereby demands a trial by jury of all of the triable issues.

DOUGLAS R. DOLLINGER

Douglas R. Dollinger, Esq. (5922)
96 Broadway
City of Newburgh
Newburgh, New York 12550
Attorney for Plaintiffs