UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA GREENE, | ) Case No.: 07CIV6690 |
| Plaintiff, | ) Hon. Naomi Reice Buchwald. |
| vs. | ) |
| PATRON SYSTEMS, INC. | ) **JOINT RULE 26(f) AND** |
| | ) **LOCAL RULE REPORT** |
| Defendants. | ) |

Plaintiff LISA GREENE by and through her attorney together with Counsel for Defendant ROBERT YAW, submit the following Proposed Joint Discovery Plan in accordance with Fed. R. Civ. P. 26(f) and the local rules of the Court in furtherance of the Court's entry of a scheduling directive of July 22, 2008.

A telephonic meeting of counsel and the Court was held on July 22, 2008 at approximately 2:00 p.m. EST.

I.  **BRIEF SUMMARY OF FACTS**

This matter arises out of a claim that Plaintiff LISA GREENE paid $50,000.00 for 100,000 shares of the freely tradable-legend free PATRONS SYSTEMS securities a public stock. It is alleged that MS. GREENE paid the money to a third-party at the direction of Defendant ROBERT YAW as CEO of PATRON SYSTMS and others including Defendant Peter Bistrian. The money was paid for the benefit of PATRON SYSTEMS. It is alleged that the Defendants acted collectively in a fraudulent manner and failed to provide the securities as required under the contract. The Defendant YAW denies all of the allegations made against him.

II.  **PLAN FOR DISCOVERY:**

(1)  **RULE 26 DISCLOSURES:**

The parties will exchange Rule 26(a)(1) disclosures by August 29, 2008.

(2)  **DISCOVERY SUBJECTS AND COMPLETION DATE:**

a.  **Plaintiff's Position on Discovery:**

Since Plaintiffs' lawsuit alleges Defendant's actions as fraudulent or otherwise as a breach of contract Plaintiffs are entitled to basic reasonable discovery which would bear on these issues beyond the mere presentment of the contracts which exist in this matter, wherein said discovery would be reasonably calculated to lead to the discovery of admissible evidence (which may ultimately include evidence outside the record produced thus far). These demands will include at least an inspection demand pursuant to Rule 34, a brief set of interrogatories pursuant to Rule 33 and depositions under Rule 30 and would include several non-party witnesses, including present and past employees of PATRON SYSTEMS, at least one (1) attorney for PATRON SYSTEMS who presented contracts to the Plaintiff.

b.  **Defendant's Position on Discovery:**

Defending YAW will require records from the plaintiff and defendant PATRON, and depositions of all adverse parties.

      c.     **Time to Complete Discovery, If Allowed:**

The parties agree that all fact discovery shall be completed by November 28, 2008.

    (3)    **ELECTRONIC DISCOVERY:**

The parties discussed the disclosure or discovery of electronically stored information, and agreed that any such information can and will be produced in hard copies (paper format) by September 30, 2008.

    (4)    **PRIVILEGE ISSUES:**

The parties discussed any issues relating to claims of privilege or the protection of trial preparation material. The parties do not anticipate any issues in this regard, and do not believe that the Scheduling Order needs to address the topic beyond the understanding that any potential privilege issues if they arise will be addressed as needed.

    (5)    **LIMITAITONS ON DISCOVERY:**

See Sections II 1 and 2 (a) and (b) above. The parties do not believe any changes need be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local rules of this Court. The Parties reserve the right, however, to challenge the scope of any discovery sought.

**III.**    **COMPLEXITY OF CASE:**

This case is not complex and neither all nor part of the Manual for Complex Litigation need be utilized.

**IV.**    **DISPOSITIVE AND PARTIALLY DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by December 19, 2008.

-3-
**Rule 26(f) Joint Disclosure Report**

## V. SETTLEMENT:

The parties have appeared before the Court and have telephonically discussed a potential settlement with significant advancement in resolving the matter. They will continue to explore settlement informally, they agreed that if they are unable to informally resolve the matter it will be revisited with the assistance of the Court within the next 60 days.

## VI. TRIAL ESTIMATE:

The parties believe that the case will likely take approximately 3-5 days.

## VII. ADDITIONAL PARTIES:

The parties do not anticipate the appearance of any additional parties.

## VIII. EXPERT WITNESSES:

If the Court wishes to set deadlines regarding the _timing_ of disclosures under Rule 26(a)(22) of the Federal Rules of Civil Procedure, the parties have agreed to the following schedule as tentative and subject to the Court's approval.

| | |
|---|---|
| Plaintiffs' Expert Disclosure by: | August 31, 2008. |
| Plaintiffs' Expert(s) Deposed by: | October 31, 2008. |
| Defendants' Expert Disclosure by: | November 1, 2008. |
| Defendants' Expert(s) Deposed by: | November 28, 2008. |

Dated: July 31, 2008

                              **DOUGLAS R. DOLLINGER**
                              NYSBN 2354926) (FED 5922)
                              40 Matthews Street-Suite 101
                              Goshen, New York 10924
                              Tele: (845) 294-2771
                              Fax: (845) 294-2772
                              Attorney for-LISA GREENE

**RICHARD M. FEDROW, ESQ.**
BIVONA & COHEN, P.C.
Wall Street Plaza-88 Pine Street
New York, New York 10005-1886
Tele: (212) 363-3100
Fax: (212) 363-9824
Attorneys for Defendant
ROBERT YAW

So Ordered:

*[signature]*, USDJ

August 11, 2008